USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
NATIONAL UNION FIRE INSURANCE :
COMPANY OF PITTSBURGH, PA, :
                                                       Petitioner, :      19-CV-4670 (VEC)
                   -against- :      OPINION AND ORDER
:
LANDSCAPE SPECIALISTS, INC., :
:
                                            Respondent. :
------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        This action arises from a dispute between Petitioner National Union Fire Insurance Company of Pittsburgh ("NUFIC") and Respondent Landscape Specialists, Inc. ("Landscape") regarding Landscape's alleged failure to make reimbursement payments for workers' compensation policies issued by NUFIC. NUFIC moves to compel arbitration to resolve the dispute pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 4, 6. Am. Pet., Dkt. 8. Respondent Landscape moves to dismiss NUFIC's petition for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 13. Petitioner filed a cross-motion to compel arbitration, appoint Landscape's arbitrator, and enjoin Landscape from prosecuting its action in California. Dkt. 23. For the following reasons, Petitioner's cross-motion to compel arbitration and to appoint an arbitrator is GRANTED. Respondent's motion to dismiss is DENIED. Petitioner's cross-motion to enjoin Landscape from prosecuting its action in California is DENIED.

## BACKGROUND

Petitioner NUFIC issued workers' compensation policies to Respondent Landscape, a construction and landscaping company, from 2012 to 2016. Am. Pet ¶¶ 2, 15. Pursuant to the Policies, and the accompanying Payment Agreement, NUFIC agreed to pay the entirety of each workers' compensation claim up front and later seek reimbursement from Landscape for the first $250,000 paid on each claim. *Id.* ¶¶ 15-17. NUFIC billed Landscape monthly for reimbursement, and Landscape was obligated to pay the Loss Invoices within thirty days. *Id.* ¶¶ 4, 17. Landscape also agreed to post adequate collateral to secure its promise to pay NUFIC for the coverage. *Id;* Am. Pet. Ex. B at 6-7. Pursuant to the Agreement, Landscape was required to make each payment within five days of the due date or risk default. Am. Pet. Ex. B at 7. Upon default, NUFIC was entitled to accelerate any unpaid amounts and require Landscape to post additional collateral. Am. Pet. Ex. B at 15.

The Payment Agreement includes an arbitration clause requiring arbitration for all disputes related to the Agreement and delegating the issue of arbitrability to the arbitrators. Am. Pet. Ex. B at 8-9, 16. The Agreement also requires each party to select its party-appointed arbitrator and provide notice of its selection within thirty days of the date of service of an Arbitration Demand. *Id.* at 8. The Mandatory Addendum to the Payment Agreement includes a provision designating New York as the forum in which to bring any motions regarding arbitration. *Id.* at 13, 16.

Petitioner alleges that Landscape began defaulting on its reimbursement payments in September 2015. Am. Pet ¶ 21. As a result, in February 2016, NUFIC performed a collateral review and demanded that Landscape not only pay the outstanding balance of $293,587, but also to post additional collateral of $660,942. *Id.* Landscape refused to do either. *Id.* ¶ 22. In

September 2016, NUFIC determined that Landscape owed $945,380 in unpaid Loss Invoices, $37,826 in premiums and fees, and $842,587 in collateral, totaling approximately $1.8 million. *Id.* ¶ 23. Petitioner claims Landscape has refused to pay any portion of the outstanding balance and continues to default on monthly Loss Invoices. *Id.* ¶¶ 23-24.

On May 5, 2017, Petitioner served Landscape with an Arbitration Demand ("the Demand"), asserting claims for damages stemming from unpaid Loss Invoices, unpaid expenses, and attorneys' fees and costs incurred in connection with arbitration. *Id.* ¶ 25. The Demand also sought to compel Landscape to post additional collateral in accordance with the terms of the Payment Agreement. *Id.* The Demand included notice that, under CPLR § 7503(c), a party resisting a demand for arbitration must seek to stay the arbitration within twenty days of being served with the Demand, and that failure to do so may result in the waiver of the right to make certain objections. *See* Dkt. 22, Ex. 1 at 2. On June 14, 2017, more than twenty days after being served with the Demand, Landscape requested an extension of time to respond to the Demand pending settlement negotiations; Landscape did not file any objections to the underlying arbitration agreement. Dkt. 28, Ex. 1. After the settlement negotiations proved unsuccessful, on March 20, 2019, NUFIC again requested that Landscape respond to the arbitration demand and appoint its party-appointed arbitrator. Dkt. 25 Ex 2. Landscape refused to do so and again failed to file any objection to the Demand.

On May 21, 2019, NUFIC filed a motion to compel arbitration in this Court.[1] Dkts 1, 8. On June 20, 2019, Landscape moved to dismiss the petition on the grounds that the arbitration agreement is invalid and violates California insurance law. Dkt. 13. Landscape also simultaneously filed an action in the Superior Court of California seeking to invalidate the

---

[1] This case was originally assigned to Hon. Deborah Batts. Upon Judge Batts' death, the case was reassigned to the undersigned.

3

Agreement's arbitration provision and to litigate the dispute in California state court. Dkt. 22 Ex. 3. NUFIC removed the California case to federal court; that action is currently stayed pending resolution of this case. Dkt. 22 Ex 4; Dkt. 29.

## DISCUSSION

When there is no applicable federal statute of limitations governing a claim, "resort to state law remains the norm." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158, 171 (1983) (explaining that when "there is no federal statute of limitations expressly applicable to [a] suit…[the Court] do[es] not ordinarily assume that Congress intended that there be no time limit on actions at all; rather, [the Court's] task is to 'borrow' the most suitable statute or other rule of timeliness from some other source. We have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law.").

Although the FAA does not set a statute of limitations on a party's ability to challenge arbitration, *see Irving R. Brody & Co, Inc. v. Win Holding Int'l, Inc.*, 213 F. Supp. 2d 378, 382 (S.D.N.Y. 2002), New York state law imposes a strict twenty-day statute of limitations for objecting to a demand for arbitration. Specifically, CPLR § 7503(c) provides:

> A party may serve upon another party a demand for arbitration or a notice of intention to arbitrate … stating that unless the party served applies to stay the arbitration within twenty days after such service he shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time…. An application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded.

Courts in this district have consistently applied this twenty-day statutory time period to cases arising under the FAA.[2] *In re Application of Herman Miller, Inc.*, 1998 WL 193213, at *3

---

[2] Although the FAA governs this dispute, it only preempts state law if there is a direct conflict. *Volt Info. Sciences v. Stanford Univ.*, 489 U.S. 468, 477 (1989). Here, because the FAA contains no statute of limitations period, it does not conflict with CPLR § 7503(c) and therefore does not preempt application of § 7503(c). *See Propulsora Ixtapa Sur, S.A. v. Omni Hotels Franchising Corp.*, 211 A.D.2d 546, 548 (N.Y. App. Div. 1995) ("no

(S.D.N.Y. Apr. 21, 1998), *aff'd*, 173 F.3d 844 (2d Cir. 1999) (because the FAA is silent as to any time limitation, federal courts must borrow the appropriate state limitation periods); *Favara, Skahan, Tabaczyk, Ltd. v. Ewing*, No. 91-CV-7878, 1992 WL 80659, at *2 (S.D.N.Y. Apr. 9, 1992) ("Because the FAA does not address the mechanics of staying an arbitration [] New York courts borrow CPLR § 7503(c) for limitation period purposes.").

A party's failure to raise objections or seek a stay of arbitration within twenty days of an arbitration demand results in a waiver of the right to raise certain objections; "[b]y its terms, section 7503(c) covers three categories of objections—the validity of the agreement to arbitrate, compliance with the agreement, and whether the arbitration is time-barred." *Pictet Funds Eur. S.A. v. Emerging Managers Grp., L.P.*, No. 14-CV-6854, 2014 WL 6766011 at *16 (S.D.N.Y. 2014); *Morgan*, 691 F. Supp. at 792-93; *Steck v. State Farm Ins. Co.*, 681 N.E.2d 1285, 1286 (N.Y. 1996) ("CPLR § 7503(c) requires a party, once served with a demand for arbitration, to move to stay such arbitration within 20 days of service of such demand, else he or she is precluded from objecting."); *Metro. Prop. & Liab. Ins. Co. v. Hancock*, 584 N.Y.S.2d 74, 75 (N.Y. App. Div. 1992) ("failure to move to stay arbitration within this time period is a bar to judicial intrusion into arbitration proceedings").

Here, there is no dispute that NUFIC served Landscape with a demand for arbitration on May 5, 2017. Dkt. 22 Ex. 1. The Demand expressly referenced the requirements of § 7503(c), stating that unless Landscape applied "to stay the arbitration within twenty (20) days after this notice has been served, [it] will thereafter be precluded from objecting that a valid agreement was not made or has not been complied with, and from asserting in court the bar of a limitation

---

conflict exists as the FAA is silent on the issue of a limitations period whereas CPLR 7503(c) . . . provides that a petition must be brought within twenty days, and in such a circumstance, a court applying federal law would utilize the restrictive period") (citing *Morgan v. Nikko Sec. Co. Int'l., Inc.*, 691 F. Supp. 792, 794 n.1 (S.D.N.Y. 1988)).

of time." *Id.* On June 14, 2017, more than 20 days later, Landscape requested an extension of time to respond to the Demand pending settlement negotiations. Dkt. 28, Ex. 1. Landscape did not, however, move to stay the arbitration or raise any objections to the Demand within the twenty-day time limit established by § 7503(c). *Id.* Accordingly, Landscape's motion to dismiss is time-barred under § 7503(c).[3]

Specifically, Respondent's argument that the arbitration agreement is invalid because it was not attached to the Policies or filed in accordance with Cal. Ins. Code § 11658, *see* Def. Mem. of Law, Dkt. 13 at 8, is precisely the type of objection pertaining to the "viability or enforceability of the agreement" that must be raised within the timeframe dictated by § 7503(c).[4] *Pictet*, 2014 WL 6766011 at *16; *Ewing,* 1992 WL 80659, at *2 (dismissing a claim that "may have had merit" because defendant "did not raise that claim in a timely fashion"); *Rodriguez v. Allstate Ins. Co.*, 690 N.Y.S.2d 919, 923 (N.Y. Sup. Ct. 1999) ("If the party upon whom the 'Demand' was served does not make an application for a stay within 20 days of service of that 'Demand', the party served would be precluded from thereafter raising the threshold defenses"). Landscape's argument that California is the appropriate forum for arbitration due to NUFIC's alleged prior violation of Cal. Ins. Code § 11658.5(d) is similarly time-barred. Failure to comply with the requirements of § 7503(c) results in a waiver of objections regarding "compliance with the agreement," including any preliminary requirement or statutory condition precedent to

---

[3] On March 20, 2019, after settlement negotiations failed, NUFIC renewed its demand for arbitration and requested that Landscape appoint its party-appointed arbitrator pursuant to the Agreement; Landscape refused and again failed to file any objections. Thus, even if the Court were to consider March 20, 2019, as the date on which the Demand was issued, Landscape still failed to raise objections or request a stay of arbitration within the time period provided by § 7503(c).

[4] The Court also notes that, in its email requesting an extension of time to respond to the Arbitration Demand, Landscape expressly stated that if the parties were to "reach an impasse in the settlement discussions, we will discuss the timing for party and neutral arbitrator selection," thereby implicitly acknowledging that arbitration was required under the Payment Agreement. Dkt. 28, Ex. 1.

arbitration. *Pictet Funds*, 2014 WL 6766011 at *16 ("New York's Court of Appeals held that an untimely objection based on the failure to meet [] a statutory condition precedent is precluded.") (citing *Aetna Life & Cas. Co. v. Stekardis,* 34 N.Y.2d 182, 186 (1974)).

In sum, because Landscape failed to request a stay of arbitration within twenty days of receiving the Arbitration Demand and never raised any formal objections to the Demand or the underlying agreement within the required time frame, its current arguments that the arbitration agreement is unenforceable and violates California law are precluded by § 7503(c).

Perhaps because it is disputing its obligation to arbitrate, Landscape has failed to appoint its arbitrator. Under the Payment Agreement, that failure authorized NUFIC to ask this Court to appoint Landscape's arbitrator. Landscape did not respond to this aspect of NUFIC's cross-motion. Pursuant to Section 5 of the FAA, the Court is required to designate and appoint an arbitrator if the parties (in this case, if one party) fail to do so. Accordingly, both parties will be required to promptly provide the Court with the names and qualifications of a person who is qualified, willing, and available to serve as Landscape's arbitrator.

## CONCLUSION

For all the foregoing reasons, Petitioner's motion to compel arbitration is GRANTED. Respondent's motion to dismiss is DENIED. Petitioner's cross-motion to appoint an arbitrator for Landscape in light of its failure to timely do so pursuant to the Payment Agreement is GRANTED. The parties are each ordered to submit the names and qualifications of one candidate who is qualified, willing, and available to serve as Landscape's arbitrator by **March 20, 2020**. Petitioner's motion to enjoin Landscape from prosecuting its action in California is DENIED as moot. *See* Dkt. 29.

This action is STAYED pending arbitration. The parties must submit joint quarterly updates on the status of the arbitration proceeding. The first such update is due **June 1, 2020**. Subsequent updates are due every three months, on the first business day of the applicable month.

The Clerk is respectfully directed to close the open motions at Dkts. 3, 9, 13, and 23.

**SO ORDERED.**

**Date: March 3, 2020**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**